F. W. MYERS & Co., INC. *v.* UNITED STATES

**No. 5704.**—Invoice dated Montreal, Que., Canada, April 23, 1942.
Certified April 28, 1942.
Entered at Rouses Point, N. Y., April 24, 1942.
Entry No. A 4287.

(Decided August 31, 1942)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney),. for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties. hereto, subject to the approval of the court, that the instant appeal to reappraisement covers Acetylene Black imported from Canada.

That the facts and the issues involved in the appeal are the same in all material respects as the facts and issues involved in *F. W. Myers & Co. Inc.* v. *United States,* Reap. Dec. 5607.

That foreign value, as that value is defined in Section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that the appraised value of the Acetylene Black covered by this appeal, less any additions made by the importer by reason of the Canadian sales tax, represents the foreign value of such merchandise.

It is further stipulated and agreed that the record in Reap. Dec. 5607 be incorporated as a part of the record in the instant appeal to reappraisement.

That the said appeal to reappraisement is abandoned as to all merchandise other than the aforementioned Acetylene Black, and that the instant appeal to reappraisement is submitted on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the acetylene black such value is the appraised value, less any additions made by the importer by reason of the Canadian sales tax.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.